

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. K.D. Hall
County Attorney
Refugio County
Refugio, Texas

Dear Sir:

Opinion No. 0-2034
Re: Can a county lease grading equipment,
such as tractors and graders, to a con-
tractor who has taken a contract to
build a road within the county?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

Sections 3 and 4 of Article 2372c, Vernon's
Civil Annotated Statutes, read as follows:

"Sec. 3. The Counties of the State are
hereby declared to have the authority to em-
ploy, or permit to be employed, any road con-
struction or other machinery or road equipment
in the service of soil conservation and pre-
vention of soil waste through erosion, when-
ever in the judgment of the County Commission-
ers' Court, entered upon the Minutes of the
Court, such machinery or equipment is not
demanded for the service of building and the
upkeep of the roads of the County; and shall
provide for compensation to the County Road
Fund, or the road funds of any defined dis-
trict or authorized subdivision in the County,
for such employment of road equipment.

"Sec. 4. In the public service of conserv-
ing the soil fertility of the lands of the
County, the Commissioners' Courts shall have
the authority to co-operate with the land own-
ers and taxpayers of the County in all judicious
efforts for the preservation of the productive-

Hon. K.D. Hall, page 2

ness of the soil from avoidable waste, and
loss of productiveness of agrieultural crops
necessary to the public welfare, through per-
mission to use the machinery and equipment
that may be made available by the County for
such purposes under written contract, and the
County shall receive from such landowners and
taxpayers compensation, upon such uniform basis
as may be deemed equitable, and proper, for
the co-operation extended and services render-
ed, all such compensation or funds to the Coun-
ty to be paid into the Road and Bridge Fund of
the County; and the County Commissioners'
Court may provide for payments from landowners
and taxpayers of the County at such stated in-
tervals and in such amounts, as and when the
County taxes are collected, as may be equitable,
for the use of the equipment for the protection
of lands against continuing immeasurable injury
through soil erosion; provided that the Com-
missioners' Court or representative thereof
shall not go upon the land of any owner to im-
prove, terrace, protect, or ditch such land
until required to do so in writing by such owner;
and provided further, that the Commissioners'
Court or representative thereof shall not be
required to do such improving, terracing, pro-
tecting, and ditching unless such Court shall
determine that such work is of some public
benefit and said Court elects to do the work."

Under the provisions of the above quoted stat-
ute the Commissioners' Court is specifically authorized
to employ, or permit to be employed, any road construc-
tion or other machinery or other equipment in the serv-
ice of soil conservation and prevention of soil waste
through erosion, whenever in the judgment of the County
Commissioners' Court, such machinery or equipment is
not demanded for the service of building and the upkeep
of the roads of the County. This statute does not au-
thorize the Commissioners' Court to lease grading equip-
ment, such as tractors and graders or any other road
equipment or machinery to a contractor who has taken a
contract to build a road within the county, nor does it
authorize the leasing of said equipment and machinery

Hon. K. D. Wall, page 3


for any purposes other than those specified in Article 2372e, supra.

The general rule regarding the renting or leasing of county property as stated in Corpus Juris, vol. 15, p. 537, reads as follows:

"In accordance with the general rule heretofore stated, that county boards or county courts have no powers other than those conferred expressly or by necessary implication, such courts or boards have no power to rent or to lease property or franchises owned by the county, in the absence of statutory authority so to do; and where they do possess statutory authority, it must be strictly pursued, or the lease will not be binding. • • • "

We quote from the case of COMMISSIONERS' COURT vs. WALLACE, 15 S.W. (2d) 535, as follows:

"The commissioners' court is a creature of the state Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature."

We quote from Tex. Jur., vol. 11, p.p. 564 and 565, as follows:

"Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, - that is, by the Constitution and statutes of the State."

(Also see the authorities cited under the above mentioned quotation).

After a careful search of the statutes and numerous cases, we are unable to find any authority that authorizes the Commissioners' Court, expressly or by necessary implication, to lease road equipment or machinery to a contractor for the purpose above stated.

Hon. K.D. Hall, page 4

In opinion written August 10, 1934 by Hon. Julius F. Franki, Assistant Attorney General, addressed to Hon. Ewell Condron, County Judge, Throckmorton, Texas, this department held that:

"A County Commissioners' Court has no authority, express or implied, to hire out county road machinery while such machinery is idle."

In view of the foregoing, your question is respectfully answered in the negative.

Trusting that we have fully answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED MAR 12, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWR*
CHAIRMAN